UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHH MORTGAGE CORPORATION,

Plaintiff,

*-against-*

ALFRED P. LANDOLFI; JANET LANDOLFI A/K/A JANET BLACKSTONE; BETHPAGE FEDERAL CREDIT UNION; "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint

Defendants.

Case No.: 26-cv-00638-AYS

AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**PLEASE TAKE NOTICE**, that Alfred P. Landolfi and Janet Landolfi ("Defendants") hereby appears in this action by their attorneys, CALLEGARI LAW, P.C., and that the undersigned has been retained as attorney for said Defendants and demands that you serve all papers in this action upon the undersigned at the address stated below.

**PLEASE TAKE FURTHER NOTICE** that the Defendants by their attorneys hereby interpose the following amended answer to the complaint herein:

1. Defendants admit the allegations contained in the paragraphs of Plaintiff's complaint denominated as "1", "3", and "4".

2. Defendants deny the allegations contained in the paragraphs of Plaintiff's complaint denominated as "12", "13", "14", "15", "17", "18", "19", "20", "21", "22", "23", "24", and "25".

3. Defendants are without sufficient information to either admit or deny the allegations contained in the paragraphs of Plaintiff's complaint denominated as "2", "5", "6", "7", and "8".

4. Defendants state that no response is necessary to the allegations denominated as "9", "10", and "11" of Plaintiff's complaint as the documents speak for themselves. To the extent a response is deemed necessary Defendants deny the allegations set forth therein and demands strict proof thereof.

5. In response to paragraph denominated as "16", of Plaintiff's complaint, Defendants repeat their responses to paragraphs "1" through "15" as his response to the paragraph denominated as "16".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

6. Plaintiff has failed to properly serve the summons and complaint. Accordingly, this court lacks jurisdiction over the Defendants and Plaintiff's summons and complaint must be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

7. Plaintiff has failed to meet numerous conditions precedent to the filing of this action including but not limited to, the failure to comply with RPAPL §§§§ 1302, 1303, 1304, and 1306.

8. Plaintiff failed to establish strict compliance with RPAPL § 1304. Specifically, the lender or mortgage loan servicer failed to demonstrate the RPAPL § 1304 90-day notices were mailed by registered or certified mail and also by first-class mail. Additionally, Plaintiff or the mortgage servicer failed to establish the 90-day notices were mailed to the property address and last known address of the borrower.

9. Plaintiff failed to establish strict compliance with RPAPL § 1306, a condition precedent to the commencement of a foreclosure action – by omitting a proof of filing statement from the New York State Department of Financial Services containing the requisite information.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

10. Plaintiff failed to establish the notices of default were mailed in accordance with the terms of the mortgage, including but not limited to putting forth proof that the notices were actually mailed.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

11. Plaintiff is before this court with "Unclean Hands" including, but not limited to, incorrectly computing the amount the borrower allegedly owes under the terms of the mortgage and/or failing to demonstrate the Plaintiff is in possession of the note and mortgage.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

12. Plaintiff lacks the standing, capacity, and or authority to sue.

13. Plaintiff failed to establish it is the holder or assignee of the underlying note and mortgage at the time this foreclosure action was commenced.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

14. Plaintiff has failed to commence this action within the applicable statute of limitations pursuant to CPLR § 213.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

15. Plaintiff is barred by applicable state and federal law from commencing this action.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

16. Plaintiff has breached any agreement between the parties and is therefore not entitled to recover any alleged damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

17. Defendants have a complete defense based on Res judicata, statute of frauds, usury, and/or collateral estoppel.

**AS AND FOR A TENTH AFFIMRATIVE DEFENSE**

18. Plaintiff has violated the New York State General Obligations Law and New York State General Business Law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

19. Plaintiff has recovered in full and has been paid in full by virtue of various security instruments and insurance upon the alleged default of the note and mortgage and is therefore not entitled to a double recovery.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

20. Plaintiff is barred by Judiciary Law § 489 as Plaintiff is restricted from purchasing assignments of notes or other securities with the intent and for the purpose of bringing an action or proceeding thereon.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFNSE**

21. The transaction upon which the present foreclosure is based ("transaction") including the promissory note and the mortgage is subject to the provisions of the Truth-in-Lending-Act, 15 U.S.C. 1601- 1641 ("Act"), and Regulation Z, 12 C.F.R. 226.23.

22. In connection with the transaction, Defendants have not been given a disclosure statement that complies with the Act and Regulations. One defect in the disclosure statements is an understatement of the finance charge.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

23. Defendants have an affirmative defense based upon Plaintiff's failure to put forth documentary evidence.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

24. Defendants have a defense available pursuant to RPAPL § 1302 as this loan is a high-cost, subprime and/or non-traditional loan and violates the provisions of NY Banking law 6-1 and 6- m.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

25. To the extent the decedent may have executed a "Modification Agreement" such agreement was obtained by fraud, duress, undue hardship and is unconscionable under the circumstances and to the extent enforceable must be rescinded.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

26. Plaintiff has failed to mitigate its damages. Mortgagors qualified for a loan modification and Plaintiff has violated HAMP guidelines and its servicing guidelines by failing to properly evaluate Mortgagors for a loan modification.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

27. Plaintiff failed to put forth documentary evidence in admissible form to establish the borrower's alleged default, including but not limited to the relevant the payment and loan history.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

28. The mortgage which is the subject of this action is insured by the federal Single-Family Loan Insurance Program, 12 U.S.C. 1709. Therefore, Plaintiff must service the mortgage according to the applicable federal regulations.

29. Plaintiff failed to comply with the regulations as detailed below, precluding the initiation of this instant foreclosure proceeding: (a) Failed to send a delinquency notice as required by 24 C.F.R. 203.602; (b) failed to contact or make reasonable attempts to contact Borrower as required by 24 C.F.R. 203.604; (c) refused to accept partial payments which it was required to accept under 24 C.F.R. 203.556; (d) refused to accept partial payments which it was required to accept under 24 C.F.R. 203.556; (e) failed to provide Borrower with a pre-foreclosure counseling notice within forty-five (45 days) of having missed a payment, as required by U.S.C. 1701x(c)(5); and (f) failed to provide a default notice as required by 24 C.F.R. 650.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

30. Plaintiff is barred by the doctrine of laches. Plaintiff has allowed interest to accrue following the death of the borrowers, and sat on its hands for several years prior to commencing this foreclosure action.

**AS AND FOR A FIRST COUNTERCLAIM**

1. Answering Defendants repeat and reiterate each and every response as if more fully set forth herein.

2. Under New York Real Property Law § 282, mortgagor has a right to reasonable attorney fees and/or expenses incurred by the mortgagor "as a result of the failure of the mortgagee to perform any covenant on its part to be performed under the mortgage or in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract."

3. Accordingly, since as set forth in Defendants' affirmative defenses, Plaintiff's suit lacks merit, Defendants hereby seek attorneys' fees and costs and a dismissal of the action with prejudice.

**AS AND FOR A SECOND COUNTERCLAIM**

1. Answering Defendants repeat and reiterate each and every response as if more fully set forth herein.

2. Plaintiff violated the Fair Debt Collection Practices Act for failing to provide Mortgagor with a Debt Validation Notice and for failing to provide Mortgagors with notice of the change in servicer as required by the federal regulations.

3. As a result of Plaintiff's actions, Plaintiff is liable for statutory damages as well as Defendants' attorneys' fees.

**AS AND FOR A THIRD COUNTERCLAIM**

1. Answering Defendants repeat and reiterate each and every response as if more fully set forth herein.

2. The original lender violated the Truth in Lending Act for failing to provide Mortgagor with the required disclosures as required by federal regulations and failing to comply with the provisions of the Truth-in-Lending-Act, 15 U.S.C. 1601-1641 ("Act"), and Regulation Z, 12 C.F.R. 226.23.

3. In connection with the transaction, Defendants were not given a disclosure statement that complies with the Act and Regulations. One defect in the disclosure statement is an understatement of the finance charge. As a result of Plaintiff's actions, Plaintiff is liable for statutory damages as well as Defendants' attorneys' fees.

**AS AND FOR A FOURTH COUNTERCLAIM**

1. Answering Defendants repeat and reiterate each and every response as if more fully set forth herein.

2. The original lender violated the Real Estate Settlement Procedures Act by failing to comply with the applicable rules and regulations by charging the Mortgagor with an improper yield spread premium.

3. As a result of Plaintiff's actions, Plaintiff is liable for statutory damages as well as Defendants' attorneys' fees.

**WHEREFORE**, Defendants respectfully demand judgment (a) dismissing the complaint in its entirety; (b) on the first counterclaim in a sum to be determined at trial, for damages incurred, including but not limited to, defendants' reasonable attorney's fees and costs; (c) on the second, third, and fourth, counterclaims in a sum to be determined at trial, for statutory damages incurred; and as well as attorney's fees, and (d) together with such other, further and different relief as to the court deems just and proper.

Dated: June 3, 2026
Bay Shore, New York

CALLEGARI LAW, P.C.
*Attorneys for Defendants*

By: ______________________
Dominick J. Callegari, Esq.
4 West Main Street
Suite 212
Bay Shore, NY 11706
Ph: 1 (516) 820-0712
Email: DC@CALLEGARILAWPC.com

**VERIFICATION PAGE**

STATE OF NEW YORK )
) ss.:
COUNTY OF SUFFOLK )

I, Alfred P. Landolfi, in the above-caption action, being duly sworn deposes and states that deponent that has read the foregoing Amended Answer with Affirmative Defenses and Counterclaims and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters, I believe it to be true.

ALFRED P. LANDOLFI

STATE OF NEW YORK )
)
COUNTY OF SUFFOLK )

On the 3 of June in the year 2026 before me, the undersigned, personally appeared Alfred P. Landolfi personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

LISA A ROY
Notary Public - State of New York
NO. 01RO6204830
Qualified In Suffolk County
My Commission Expires Apr 27, 2029

## VERIFICATION PAGE

STATE OF NEW YORK )
) ss.:
COUNTY OF SUFFOLK )

I, Janet Landolfi, in the above-caption action, being duly sworn deposes and states that deponent that has read the foregoing Amended Answer with Affirmative Defenses and Counterclaims and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters, I believe it to be true.

JANET LANDOLFI

STATE OF NEW YORK )
)
COUNTY OF SUFFOLK )

On the 3 of June in the year 2026 before me, the undersigned, personally appeared Janet Landolfi personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

LISA A ROY
Notary Public - State of New York
NO. 01RO6204830
Qualified In Suffolk County
My Commission Expires Apr 27, 2029

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: 26-cv-00638-AYS

PHH MORTGAGE CORPORATION,

Plaintiff,

*-against-*

ALFRED P. LANDOLFI; JANET LANDOLFI A/K/A JANET BLACKSTONE; BETHPAGE FEDERAL CREDIT UNION; "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint

Defendants.

AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

CALLEGARI LAW, P.C.
4 West Main Street
Suite 212
Bay Shore, NY 11706
Ph: 1 (516) 820-0712
Email: DC@CALLEGARILAWPC.com

Signature (Rule 130-1.1-a)

Dominick J. Callegari, Esq.

Dated: June 3, 2026