UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

PHH MORTGAGE CORPORATION,

Plaintiff,

-against-

**Case No. 26-cv-00638-AYS**

ALFRED P. LANDOLFI; JANET LANDOLFI A/K/A JANET BLACKSTONE; BETHPAGE FEDERAL CREDIT UNION; "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint,

Defendants.
--------------------------------------------------------------X

## REPLY TO COUNTERCLAIMS

Plaintiff PHH MORTGAGE CORPORATION ("Plaintiff"), by and through its attorneys, McCabe, Weisberg & Conway LLC, hereby responds to the Counterclaims of defendants Alfred P. Landolfi and Janet Landolfi a/k/a Janet Blackstone ("Defendants") (ECF Dkt. No. 19), as follows[1]:

## AS AND FOR A RESPONSE TO DEFENDANTS' FIRST COUNTERCLAIM

1. Plaintiff repeats and realleges its responses to Paragraphs 1-30 of the Answer as if fully set forth herein.

2. Paragraph 2 of the Anwer contains legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth therein.

3. Plaintiff denies knowledge or information sufficient to form a belief as to the truth

[1] Paragraphs 1-30 of the Answer contain Defendant's Responses to Allegations, Factual Background, and Affirmative Defenses to which no response is required. To the extent a response is required, Plaintiff denies each and every allegation in Paragraphs 1-30 of the Answer.

of the allegations set forth in paragraph 3 of the Answer.

**AS AND FOR A DEFENSE TO DEFENDANTS' SECOND COUNTERCLAIM**

4. Plaintiff repeats and realleges its responses to Defendants' First Counterclaim as if fully set forth herein.

5. Plaintiff denies the allegations set forth in paragraph 2 of Defendants' Second Counterclaim.

6. Plaintiff denies the allegations set forth in paragraph 3 of Defendants' Second Counterclaim.

**AS AND FOR A DEFENSE TO DEFENDANTS' THIRD COUNTERCLAIM**

7. Plaintiff repeats and realleges its responses to Defendants' First and Second Counterclaims as if fully set forth herein.

8. Plaintiff denies the allegations set forth in paragraph 2 of Defendants' Third Counterclaim.

9. Plaintiff denies the allegations set forth in paragraph 3 of Defendants' Third Counterclaim.

**AS AND FOR A DEFENSE TO DEFENDANTS' FOURTH COUNTERCLAIM**

10. Plaintiff repeats and realleges its responses to Defendants' First, Second, and Third Counterclaims as if fully set forth herein.

11. Plaintiff denies the allegations set forth in paragraph 2 of Defendants' Fourth Counterclaim.

12. Plaintiff denies the allegations set forth in paragraph 3 of Defendants' Fourth Counterclaim.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

13. Defendants have failed to state a claim against Plaintiff upon which relief can be granted.

## Second Affirmative Defense

14. Defendants' Counterclaims are barred in whole or in part by applicable contractual provisions.

## Third Affirmative Defense

15. Defendants' Counterclaims are barred in whole or in part by the doctrine of estoppel.

## Fourth Affirmative Defense

16. Defendants' Counterclaims are barred in whole or in part by the doctrine of waiver.

## Fifth Affirmative Defense

17. Defendants' Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## Sixth Affirmative Defense

18. Defendants' Counterclaims are barred in whole or in part by the doctrine of merger.

## Seventh Affirmative Defense

19. Defendants' Counterclaims are barred in whole or in part by the doctrine of voluntary payment, ratification, acquiescence, or consent.

**Eighth Affirmative Defense**

20. Any damages suffered by Defendants were caused, in whole or in part, by third parties unrelated to Plaintiff and/or by factors beyond Plaintiff's control.

**Ninth Affirmative Defense**

21. Defendants' Counterclaims are barred in whole or in part by the documentary evidence.

**Tenth Affirmative Defense**

22. Defendants lacks standing to assert the Counterclaims.

**Eleventh Affirmative Defense**

23. Defendants' Counterclaims are barred in whole or in part by the statute of limitations.

**Twelfth Affirmative Defense**

24. Plaintiff has a complete defense to Defendants' Counterclaims because Defendants breached the parties' agreement.

**Thirteenth Affirmative Defense**

25. Plaintiff reserves the right to supplement and amend its Reply to Counterclaims as additional information becomes available or apparent during the course of investigation, preparation or discovery.

WHEREFORE, Plaintiff prays that this Court:

a) Dismiss the Counterclaims against Plaintiff and award to Plaintiff its costs and attorneys' fees;

b) Award Judgment to Plaintiff on each of its Claims set forth in its Complaint in this action; and,

c) Award to Plaintiff such other and further relief as to this Court seems just and proper.

Dated: July 15, 2026
Melville, NY

McCABE, WEISBERG & CONWAY, LLC

By: *Jamie C. Krapf*

JAMIE C. KRAPF, ESQ.
Attorneys for Plaintiff
One Huntington Quadrangle, Suite 4N25
Melville, NY 11747
(631) 812-4084
(855) 845-2584 facsimile